UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                                                    CASE NO. 8:13-cv-868-T-23AEP

GLENN HOPPES, et al.,

      Defendants.

_____/


**<u>ORDER AND INJUNCTION</u>**

      The Securities and Exchange Commission (the Commission) sues (Doc. 1) Glenn Hoppes, United States Energy Corp. (US Energy), TN-KY Development Fund LP (TN-KY I), TN-KY Development Fund II LP (TN-KY II), and TN-KY Development Fund III LP (TN-KY III) for violations of Sections 5(a) and 5(c) of the Securities Act of 1993 (Securities Act), 15 U.S.C. §§ 77e(a) and (c); Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 (Exchange Act), 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5; and Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1).  The corporate defendants, US Energy, TN-KY I, TN-KY II, and TN-KY III, defaulted.

(Docs. 11-14)  Appearing *pro se*, Hoppes answered the complaint.  (Doc. 9)  The Commission and Hoppes entered a settlement.[*]  (Doc. 17-1)

The Commission moves (Docs. 15 and 17) for a final default judgment and a permanent injunction against the corporate defendants and for a final judgment and permanent injunction against Hoppes in accord with the parties' settlement.  The motions (Docs. 15 and 17) are **GRANTED** as follows:

# I.
## SECTION 5 OF THE SECURITIES ACT
### (Count I)

Hoppes, US Energy, TN-KY I, TN-KY II, and TN-KY III, their agents, servants, employees, attorneys, and all persons in active concert or in participation with them, are permanently enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, as follows:

    (a)   unless a registration statement is in effect as to a security, by making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)   unless a registration statement is in effect as to a security, by carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

---

[*] Hoppes consents to the court's jurisdiction over him and the subject matter of this action; consents to entry of this judgment of permanent injunction and other relief; waives findings of fact and conclusions of law; and waives any right to appeal from the judgment. (Doc. 18-1)

(c)   by making use of any means or instruments of transportation or communication in interstate commerce or of the mails (i) to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security unless a registration statement has been filed with the Commission as to such security or (ii) to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security  while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

## II.
## SECTION 10(b) AND RULE 10b-5(b) OF THE SECURITIES EXCHANGE ACT OF 1934
### (Count II)

Hoppes, US Energy, TN-KY I, TN-KY II, and TN-KY III, their agents, servants, employees, attorneys, and all persons in active concert or participation with them, are permanently enjoined from violating Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and the Exchange Act Rules 10b-5(b), 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, by making any untrue statement of a material fact, or by omitting to state a material fact necessary in order to make the statements in the circumstance not misleading, or by disseminating false or misleading documents, materials, or information, or by making orally and in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) the regulatory history or bankruptcy of any US Energy, TN-KY I, TN-KY II, or TN-KY III principal, officer, or director, or

(B) the assets of US Energy, TN-KY I, TN-KY II, and TN-KY III.

### III.
### SECTION 10(b) AND RULES 10b-5(a) and (c)
### OF THE SECURITIES EXCHANGE ACT OF 1934
### (Count III)

Hoppes and US Energy, their agents, servants, employees, attorneys, and all persons in active concert or participation with them, are permanently enjoined from violating Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and the Exchange Act Rules 10(b)-5(b), 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in the purchase or sale of any security by employing any device, scheme, artifice, practice, or course of business that operates or would operate as a fraud or deceit on any person about the regulatory history of any US Energy principal, officer, or director.

### IV.
### SECTION 17(a)(1) and (3) OF THE SECURITIES ACT OF 1933
### (Count IV)

Hoppes and US Energy, their agents, servants, employees, attorneys, and all persons in active concert or participation with them, are permanently enjoined from violating Section 17(a)(1) and (3) of the Securities Act of 1933, 15 U.S.C. § 77q(a), in

the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails to employ any device, scheme, or artifice to defraud, or to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit on the purchaser by disseminating false or misleading documents, materials, or information, or by making any false or misleading statement or omission in any communication with any investor or prospective investor about the regulatory history of any US Energy principal, officer, or director.

## V.
## SECTIONS 17(a)(2) OF THE SECURITIES ACT OF 1933
### (Count V)

Hoppes, US Energy, TN-KY I, TN-KY II, TN-KY III, their agents, servants, employees, attorneys, and all persons in active concert or participation with them, are permanently enjoined from violating Section 17(a)(2) of the Securities Act of 1933, 15 U.S.C. § 77q(a), in the offer or sale of any security by using any means or instruments of transportation or communication in interstate commerce; by using of the mails to employ any device, scheme, or artifice to defraud; by engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit on the purchaser by disseminating false or misleading documents, materials, or information; or by making any false or misleading statement or omission in any communication with any investor or prospective investor about:

(A)   the regulatory history or bankruptcy of any US Energy,
TN-KY I, TN-KY II, or TN-KY III principal, officer, or
director or

(B)   the assets of US Energy, TN-KY I, TN-KY II, and
TN-KY III.

## VI.
## SECTION 15(A) OF THE EXCHANGE ACT
### (Count VI)

Hoppes and US Energy, their agents, servants, employees, attorneys, and

those persons in active concert or participation with them, are permanently enjoined

from aiding and abetting unregistered broker-dealer conduct by hiring and paying

broker commissions to a broker to solicit investors in a US Energy-sponsored

securities offering unless the broker is registered with the Commission.

## VII.
## DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTIES
## AS TO US ENERGY, TN-KY I, TN-KY II, and TN-KY III

US Energy, TN-KY I, TN-KY II, and TN-KY III are jointly and severally

liable for disgorgement of $2,500,000, representing profits gained as a result of the

conduct alleged in the complaint, together with pre-judgment interest in the amount

of $69,543.70, for a total of $2,569,543.70.  US Energy, TN-KY I, TN-KY II, and

TN-KY III must satisfy the disgorgement and pre-judgment interest by paying the

Commission $2,569,543.70 within fourteen days of entry of this order.

The defendants may transmit payment electronically to the Commission,

which will provide detailed ACH transfer/Fedwire instructions upon request.  The

defendants also may transmit payment by Pay.gov through the SEC website,

http://www.sec.gov/about/offices/ofm.htm.  The defendants also may pay by

certified check, bank cashier's check, or United States postal money order payable to

the Securities and Exchange Commission, which will be delivered or mailed to:

>       Enterprise Services Center
>       Accounts Receivable Branch
>       6500 South MacArthur Boulevard
>       Oklahoma City, OK 73169

The defendants must include with payment a letter (a) identifying the court, the case

title, and the civil action number, (b) identifying US Energy, TN-KY I, TN-KY II,

and TN-KY III as the defendants, and (c) specifying that payment is made in accord

with this order.

US Energy, TN-KY I, TN-KY II, and TN-KY III will simultaneously transmit

photocopies of evidence of payment and case identifying information to Amie Riggle

Berlin, Senior Trial Counsel, Securities and Exchange Commission, 801 Brickell

Avenue, Suite 1800, Miami, Florida 33131.  By making this payment, US Energy,

TN-KY I, TN-KY II, and TN-KY III relinquish any legal and equitable right, title,

and interest in the funds and no part of the funds shall be returned to the defendants.

The Commission may enforce the judgment for disgorgement and pre-

judgment interest at any time after fourteen days following entry of this order by

moving for civil contempt or by another collection procedure authorized by law.

- 7 -

US Energy, TN-KY I, TN-KY II, and TN-KY III must pay post-judgment interest on any delinquent amount in accord with 28 U.S.C. § 1961.

US Energy, TN-KY I, TN-KY II, and TN-KY III are also liable for a civil penalty.  Upon motion by the Commission, the court will determine the civil penalty. The Commission must file the motion within 120 days of this order.

### VIII.
### DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTIES AS TO HOPPES

Hoppes will pay disgorgement of ill-gotten gains, prejudgment interest, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  Upon motion by the Commission, the court will determine the disgorgement and the civil penalty. The Commission must file the motion within 120 days of this order.  Prejudgment interest will be calculated from January 31, 2012, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax in accord with 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and civil penalty and in accord with the settlement and Hoppes' consent (a) Hoppes may not argue that he did not violate the federal securities laws as alleged in the complaint and (b) Hoppes may not challenge the validity of the consent or of this final judgment.  In connection with the Commission's motion for

disgorgement and civil penalty, the parties may take discovery, including discovery from appropriate non-parties.

## IX.
## CONCLUSION

The court retains jurisdiction to enforce this order.  The clerk (1) will enter judgment accordingly, (2) will terminate any pending motion, and (3) will administratively close the case.

ORDERED in Tampa, Florida, on April 17, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE